IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BIGE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 1-15-CV-292 RP |
| | § | |
| PENN-AMERICA INSURANCE COMPANY; | § | |
| SPECIALTY INSURANCE MANAGERS, INC.; | § | |
| ERIC KEHS, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendant Penn-America Insurance Company's Motion for Partial Dismissal of Plaintiff's First Amended Complaint Under FRCP 9(b) and 12(b)(6), filed July 29, 2015 (Clerk's Dkt. #27) and the responsive pleadings thereto. After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I. BACKGROUND

On March 26, 2015 Plaintiff China Gate Hotel filed this action in the 146th Judicial District Court of Bell County, Texas. Plaintiff named as defendants Penn America Insurance Company ("Penn-America"), Specialty Insurance Managers, Inc. ("Specialty") and Eric Kehs ("Kehs"). The action was removed to this court on April 17, 2015. Plaintiff thereafter dismissed its claims against Specialty. Plaintiff also sought and was granted leave to substitute Bige, Inc. ("Bige") as the real party in interest Plaintiff.

By way of the amended complaint, Bige states it is the owner of premises ("the Property"), operated as the China Gate Hotel, insured by a policy ("Policy") issued by Penn-America. Plaintiff alleges Penn-America sold the Policy, representing it included wind and hailstorm coverage for damage to the Property. Plaintiff further alleges the Property sustained damage from a storm on March 28, 2014. Plaintiff submitted a claim to Penn-America for the damage. (Plf. 1st Am. Compl.

¶¶ 4-19).

Plaintiff states Penn-America hired or assigned Kehs to adjust the claim, but Kehs failed to fully investigate the claim.  Plaintiff alleges, although Penn-America and Kehs acknowledged damage to the Property, Kehs conducted a substandard and improper inspection of the Property, which yielded a grossly inaccurate and unrealistic assessment of the cause, extent and dollar amount of the damage to the Property.  Specifically, Kehs determined the amount of damage was less than Plaintiff's deductible under the Policy.  Plaintiff further alleges, upon receipt of the inspection reports, Penn-America failed to review the assessment thoroughly, resulting in a failure to provide coverage due under the Policy.  Plaintiff further alleges, following receipt of Plaintiff's demand letter dated August 22, 2014, Penn-America and Kehs refused to conduct further investigation that was not "outcome-oriented."  (*Id.* ¶¶ 20-30)

Plaintiff asserts causes of action against both defendants for: (1) unfair settlement practices in violation of the Texas Insurance Code; (2) violation of the Texas Deceptive Trade Practices Act ("DTPA"); (3) common law fraud and conspiracy to commit fraud; (4) failure to tender prompt payment of claims in violation of the Texas Insurance Code; and (5) breach of the duty of good faith and fair dealing.  (*Id.* ¶¶ 48-55, 58-69).  Plaintiff additionally asserts a cause of action against Penn-America for breach of contract.  (*Id.* ¶¶ 56-57).

By way of the motion, Penn-America moves to dismiss Plaintiff's claims against them for fraud and conspiracy to commit fraud, as well as claims asserting statutory violations based on alleged misrepresentations, for failure to comply with Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.  The parties have filed responsive pleadings and the motion is ripe for review.

## II.  RULE 12(b)(6)

Penn-America moves to dismiss Plaintiff's fraud-based claims for failure to state a claim for relief because they are barred by the economic loss doctrine.

**A. Standard of Review**

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 1974. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must accept as true all of the allegations contained in a complaint," that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. (quoting FED. R. CIV. P. 8(a)(2)).

**B. Discussion**

Penn-America contends dismissal of Plaintiff's fraud-based claims is warranted because the claims are barred by the economic loss doctrine. "The economic loss rule generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy." *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014). "Thus, a party states a tort claim when the duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit." *McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 475 (5th Cir. 2015) (quoting *Chapman*, 445 S.W.3d at 718). However, courts "have struggled to clarify the boundary between contract claims and other causes of action." *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 13 (Tex. 1996). The relevant inquiry involves an examination of "both the source of the defendant's duty to act (whether it arose solely out of the contract or from some common-law duty) and the nature of the remedy sought by the plaintiff." *Id*.

According to Penn-America, dismissal of Plaintiff's tort claims is proper because the claims are solely due to the alleged failure to pay Plaintiff the proceeds of the Policy. Penn-America characterizes Plaintiff's complaint as alleging nothing more than that Plaintiff obtained a higher estimate for repairs to the Property, and thus the entire lawsuit is simply a dispute about whether Plaintiff is due insurance proceeds under the Policy.

Plaintiff's complaint, however, includes allegations of a "substandard and improper inspection" of the damage, noting the claim report omitted damage to the roofing system and HVAC system, as well as damages to the interior of the Property. (Plf. 1st Am. Comp. ¶ 22). The complaint also states Plaintiff obtained an estimate of $2,358,171.18 for repairs, but Penn-America found the damages amounted to less than $39,000. (*Id*. ¶¶ 19 & 25). The monetary difference

alone suggests more than a simple dispute over varying estimates.

Penn-America's argument also runs counter to recent Fifth Circuit authority, noting "the Texas Supreme Court has never held that underlying conduct that breaches an agreement cannot violate the DTPA merely because it also breaches an existing contractual obligation." *McCaig*, 788 F.3d at 475. Thus, "if a particular duty is defined both in a contract and in a statutory provision, and a party violates the duty enumerated in both sources, the economic loss rule does not apply." *Id*. In this case, Plaintiff has alleged Penn-America has violated duties imposed under both the Texas Insurance Code and the DTPA. The fact that Penn-America also owes Plaintiff particular duties under the Policy does not protect Penn-America from possible statutory liability. *See Garza v. Scottsdale Ins. Co.*, 2015 WL 3756917, at *5 (S.D. Tex. June 16, 2015) (concluding economic loss doctrine did not bar claim arising from wrongful denial of insurance policy benefits where plaintiff alleged coverage existed, but was denied as part of a fraudulent business method). Accordingly, Penn-America is not entitled to dismissal of Plaintiff's claims under Rule 12(b)(6).

### III.  RULE 9(b)

Penn-America also moves to dismiss Plaintiff's fraud-based claims on the ground that Plaintiff has failed to plead its fraud-based claims with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

**A.  Standard of Review**

Pleading fraud as a cause of action requires pleading "with particularity." FED. R. CIV. P. 9(a). Fifth Circuit precedent interprets Rule 9(b) strictly, requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009); *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 412 (5th Cir. 2001); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).

In addition, "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). However, "[o]ther than in the situations expressly enumerated in rule 9(b), e.g., allegations of actual fraud, plaintiffs must satisfy only the minimal requirements of rule 8(a)." *General Elec. Capital Corp. v. Posey*, 415 F.3d 391, 396-97 (5th Cir. 2005);

**B. Discussion**

Penn-America moves to dismiss certain of Plaintiff's claims for failing to comply with the requirements of Rule 9(b). Specifically, Penn-America contends Plaintiff's claims for fraud, conspiracy to commit fraud, and for violations of the Texas Insurance Code and DTPA based on misrepresentations allegedly made to Plaintiff, all fail to allege with sufficient specificity the "who, what, when, where, and how" of the alleged representations. *United State ex rel. Shupe v. Cisco Sys., Inc.*, 759 F.3d 379, 382 (5th Cir. 2014).

In its response, Plaintiff does not contest dismissal of its fraud claim, admitting the allegations supporting that claim fall short of Rule 9(b). Penn-America's motion to dismiss is thus properly granted as to that claim.

Plaintiff also concedes the reference to fraud in asserting the claim for conspiracy to commit fraud is improper as the actions alleged in that portion of the complaint do not rise to the level of fraud. Plaintiff suggests the claim should be reformed by removing the word "fraud." As Penn-America points out, the effect of the deletion is somewhat unclear, but appears to leave Plaintiff's claim as asserting a conspiracy based on the misrepresentations which are actionable under the Texas Insurance Code and DTPA.

Plaintiff objects to dismissal of any claims under the Texas Insurance Code or DTPA, and thus presumably the reformed conspiracy claim. Plaintiff argues those claims are not subject to the strictures of Rule 9(b) as they are not fraud-based claims. Texas district courts, however,

In addition, "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). However, "[o]ther than in the situations expressly enumerated in rule 9(b), e.g., allegations of actual fraud, plaintiffs must satisfy only the minimal requirements of rule 8(a)." *General Elec. Capital Corp. v. Posey*, 415 F.3d 391, 396-97 (5th Cir. 2005);

**B. Discussion**

Penn-America moves to dismiss certain of Plaintiff's claims for failing to comply with the requirements of Rule 9(b). Specifically, Penn-America contends Plaintiff's claims for fraud, conspiracy to commit fraud, and for violations of the Texas Insurance Code and DTPA based on misrepresentations allegedly made to Plaintiff, all fail to allege with sufficient specificity the "who, what, when, where, and how" of the alleged representations. *United State ex rel. Shupe v. Cisco Sys., Inc.*, 759 F.3d 379, 382 (5th Cir. 2014).

In its response, Plaintiff does not contest dismissal of its fraud claim, admitting the allegations supporting that claim fall short of Rule 9(b). Penn-America's motion to dismiss is thus properly granted as to that claim.

Plaintiff also concedes the reference to fraud in asserting the claim for conspiracy to commit fraud is improper as the actions alleged in that portion of the complaint do not rise to the level of fraud. Plaintiff suggests the claim should be reformed by removing the word "fraud." As Penn-America points out, the effect of the deletion is somewhat unclear, but appears to leave Plaintiff's claim as asserting a conspiracy based on the misrepresentations which are actionable under the Texas Insurance Code and DTPA.

Plaintiff objects to dismissal of any claims under the Texas Insurance Code or DTPA, and thus presumably the reformed conspiracy claim. Plaintiff argues those claims are not subject to the strictures of Rule 9(b) as they are not fraud-based claims. Texas district courts, however,

consistently apply Rule 9(b)'s requirements to claims under the Texas Insurance Code and DTPA. *See, e.g., Shakeri v. ADT Sec. Servs., Inc.*, 2014 WL 5780955, at *3 (N.D. Tex. Nov. 6, 2014) (DTPA claim subject to pleading requirements of Rule 9(b)); *DiNoto v. USAA Cas. Ins. Co.*, 2014 WL 4923975, at *6 (S.D. Tex. Sept. 30, 2014) (Texas Insurance Code and DTPA claims are subject to the heightened requirements of Rule 9(b), citing *Dalton v. State Farm Lloyd's, Inc.*, 2013 WL 3157532 (S.D. Tex. 2013); *Frith v. Guardian Life Ins. Co.*, 9 F. Supp. 2d 734, 742–43 (S.D. Tex. 1998)); *Weidner v. Nationwide Prop. & Cas. Ins. Co.*, 2014 WL 8397281, at *5 (E.D. Tex. June 6, 2014), adopted in 2014 WL 8494527 (E.D. Tex. Aug. 19, 2014) (same); *Sparling v. Doyle*, 2014 WL 2448926, at *12 (W.D. Tex. May 30, 2014) (applying Rule 9(b) to DTPA claim); *Berry v. Indianapolis Life Ins. Co.*, 608 F.Supp.2d 785, 800 (N.D. Tex. 2009) (It is well-established that "[c]laims alleging violations of the DTPA are subject to the requirements of Rule 9(b)").

Plaintiff also maintains its claims under the Texas Insurance Code and DTPA adequately meet the standard of Rule 9(b). Plaintiff cites the Fifth Circuit's pronouncement that "'Rule 9(b)'s ultimate meaning is context-specific," and thus that, "[d]epending on the claim, a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or mistake' without including all the details of any single court-articulated standard--it depends on the elements of the claim at hand." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 188 (5th Cir. 2009). Plaintiff contends its allegations that Penn-America "misrepresented the cause of, scope of, and cost to repair the damages to Plaintiff's Property," and that it did so "with the intent the Plaintiff act in accordance with the misrepresentations in the grossly deficient damage and costs of repair estimate prepared by Defendant Kehs" are sufficient to meet the applicable burden. (Plf. 1st Am. Compl. ¶ 23).

Penn-America, however, correctly points out the allegations cited by Plaintiff do little more than assert wrongdoing by Penn-America and Kehs in broad and vague terms. Lacking are specific facts concerning statements made by, or on behalf of Penn-America, and how those

7

statements amounted to misrepresentations. Nor has Plaintiff pointed to any allegation explaining how Bige was injured as a result of the representations. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) (both Texas Insurance Code and DTPA require a showing that defendant's conduct was the cause in fact of actual damages).

Plaintiff further suggests there is no necessity for it to identify the "who" and "when" because the misrepresentation came from Penn-America itself, and Penn-America can readily ascertain that information from its own files. Plaintiff maintains the Fifth Circuit has recognized Rule 9(b)'s requirements may be "to some extent relaxed" when "the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 385 (5th Cir. 2003). Notably, in that very case, the Fifth Circuit rejected the application of a relaxed standard because the plaintiff had failed to establish the facts were "peculiarly within" the defendant's knowledge. *Id.* Similarly, while Penn-America may indeed have relevant records in its files, Plaintiff has provided no explanation for why that information is also not within its own knowledge. The Court thus finds Plaintiff's claims of fraud and conspiracy. as well as under the Texas Insurance Code and the DTPA do not meet the pleading requirements of Rule 9(b).

## IV.  AMENDMENT OF COMPLAINT

As a final matter, in responding to the motion to dismiss, Plaintiff requests leave to file an amended complaint to address any pleading deficiencies. Courts are to "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies . . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th

Cir. 2002). As the deadline for filing amended pleadings has not yet passed, the Court will afford Plaintiff a final opportunity to amend its complaint in accordance with this order,

## V.  CONCLUSION

Accordingly, the Court hereby **GRANTS in PART** and **DENIES in PART** Defendant Penn-America Insurance Company's Motion for Partial Dismissal of Plaintiff's First Amended Complaint Under FRCP 9(b) and 12(b)(6) (Clerk's Dkt. #27). Plaintiff's claim for fraud is dismissed with prejudice. Plaintiff is ordered to file an amended complaint within **fourteen days** of the date of this order addressing the deficiencies identified in this order.

**SIGNED** on September 8, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE